UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                Case No. 8:14-cr-217-T-33TGW

ANASTASSIA BOGOMOLOVA

_____/

**ORDER**

This matter comes before the Court upon consideration of pro se Defendant Anastassia Bogomolova's Motion for Compassionate Release (Doc. # 455), filed on August 3, 2020. The United States responded on August 20, 2020. (Doc. # 458). On September 9, 2020, Bogomolova filed a reply. (Doc. # 466). For the reasons set forth below, the Motion is denied.

**I.   Background**

In March 2015, a jury found Bogomolova guilty of conspiracy to commit wire fraud, seven counts of wire fraud, five counts of aggravated identity theft, and two counts of falsification of records involving federal investigations. (Doc. # 271). On September 10, 2015, Bogomolova was sentenced to 156 months' imprisonment. (Doc. # 339). Bogomolova is 57 years old and her projected release date from Coleman Low FCI is October 7, 2026. (Doc. # 458 at 2).

In the Motion, Bogomolova requests compassionate release

1

under Section 3582(c)(1)(A)(i), as amended by the First Step Act, because of the COVID-19 pandemic and her prior diagnosis of Legionnaires' Disease, a severe form of pneumonia. (Doc. # 455 at 15). Bogomolova also cites to her age and allegedly inadequate conditions at Coleman Low FCI. (Id. at 5-9).

The United States responded (Doc. # 458), and Bogomolova replied. (Doc. # 466). The Motion is now ripe for review.

## II. Discussion

Bogomolova argues, and the United States concedes, that she exhausted her administrative remedies prior to seeking relief from this Court. (Doc. # 455 at 8; Doc. # 458 at 3). The Court concludes that, even though Bogomolova has exhausted her administrative remedies, the Motion must be denied because her circumstances are not extraordinary and compelling.

A term of imprisonment may be modified only in limited circumstances. 18 U.S.C. § 3582(c). Bogomolova argues that her sentence may be reduced under Section 3582(c)(1)(A)(i), which states:

> the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may

>      reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent they are applicable, if it finds that [ ] extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A)(i). "The First Step Act of 2018 expands the criteria for compassionate release and gives defendants the opportunity to appeal the [BOP's] denial of compassionate release." United States v. Estrada Elias, No. 6:06-096-DCR, 2019 WL 2193856, at *2 (E.D. Ky. May 21, 2019) (citation omitted).

The Sentencing Commission has set forth examples of qualifying "extraordinary and compelling reasons" for compassionate release, including but not limited to: (1) terminal illness; (2) a serious medical condition that substantially diminishes the ability of the defendant to provide self-care in prison; or (3) the death of the caregiver of the defendant's minor children. USSG §1B1.13, comment. (n.1). Bogomolova bears the burden of establishing that compassionate release is warranted. See United States v. Heromin, No. 8:11-cr-550-T33SPF, 2019 WL 2411311, at *2 (M.D. Fla. June 7, 2019) ("Heromin bears the burden of establishing that compassionate release is warranted.").

Although Bogomolova alleges that she has tested positive

for Legionnaires' Disease, and thus "is at a higher risk for complications or severe illness" if she contracts COVID-19 (Doc. # 455 at 15), she has not sufficiently demonstrated that she has a serious medical condition that substantially diminishes her ability to care for herself in her facility. See USSG §1B1.13, comment. (n.1); see also United States v. Frost, No. 3:18-cr-30132-RAL, 2020 WL 3869294, at *4-5 (D.S.D. July 9, 2020) (denying motion for compassionate release for a COVID-19-positive prisoner who had other medical conditions, including diabetes, severe coronary artery disease, and COPD, because his COVID-19 symptoms were not severe and there was no indication he could not provide self-care while in prison).

Indeed, although Bogomolova previously tested positive for Legionnaires' Disease, she has since tested negative. (Doc. # 458 at 14). And, Bogomolova's medical records indicate that she "was successfully treated [for Legionnaires'] with prescribed antibiotics over a period of time." (Id.). In her reply, Bogomolova cites to one case from the Southern District of Florida, in which an inmate in her facility, who also contracted Legionnaires' Disease, was granted compassionate release. (Doc. # 466 at 5). There, however, the defendant, Sandra Huarte, had several additional underlying medical

4

conditions, including obesity and a previous positive COVID-19 diagnosis. See United States v. Huarte, No. 11-20587-Scola, 2020 U.S. Dist. LEXIS 136561, at *4-5 (S.D. Fla. July 31, 2020). Furthermore, the record indicates that Huarte, unlike Bogomolova, still suffered from Legionnaires' Disease. See Id. ("Huarte . . . *suffers* from an acute upper respiratory infection called Legionnaires' Disease[.]" (emphasis added)).

Additionally, neither the possibility of contracting COVID-19, nor her age of 57 years, warrant release. See United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020) ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread."); United States v. Ackerman, No. 11-740-KSM-1, 2020 WL 5017618, at *6 (E.D. Pa. Aug. 25, 2020) (noting that the designated at-risk age category for COVID-19 begins at 65 years old). Thus, Bogomolova has not shown an extraordinary and compelling reason that justifies compassionate release, and her Motion is denied.

While Bogomolova's concerns about the COVID-19 pandemic are understandable, the Court notes that several measures have already been taken in response to the pandemic. For

5

example,

> [u]nder the recently enacted CARES Act, Pub. L. No. 116-136, § 12003(b)(2) (2020), "if the Attorney General finds that emergency conditions will materially affect" the BOP's functioning, the BOP Director may "lengthen the maximum amount of time for which [he] is authorized to place a prisoner in home confinement" under 18 U.S.C. § 3624(c)(2). The Attorney General has made such a finding regarding the emergency conditions that now exist as a result of the coronavirus. See Memorandum from Attorney Gen. William Barr to Director of Bureau of Prisons (Apr. 3, 2020), https://www.justice.gov/file/1266661/download.

United States v. Engleson, No. 13-cr-340-3 (RJS), 2020 WL 1821797, at *1 (S.D.N.Y. Apr. 10, 2020). In addition, the BOP has established numerous procedures to combat the spread of COVID-19 within its facilities. See Federal Bureau of Prisons, Updates to BOP COVID-19 Action Plan: Inmate Movement, available at https://www.bop.gov/resources/news/20200319_covid19_update.jsp (last updated Mar. 19, 2020).

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

Defendant Anastassia Bogomolova's pro se Motion for Compassionate Release (Doc. # 455) is **DENIED.**

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 21st day of September, 2020.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE